# United States Court of Appeals
## for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
April 19, 2021

Lyle W. Cayce
Clerk

No. 20-30440
Summary Calendar

Rafael Daniel De La Cruz Jimenez,

*Plaintiff—Appellant*,

*versus*

United States of America; Michael Carvajal,
Individually and official capacity; Rodney Myers,
Individually and official capacity; Mark Swafford,
Individually and official capacity,

*Defendants—Appellees*.

Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 2:20-CV-626

Before Dennis, Southwick, and, Engelhardt, *Circuit Judges*.
Per Curiam:*

Citing concerns over the COVID-19 pandemic, federal inmate Rafael Daniel De La Cruz Jimenez petitioned the district court for an injunction

---

* Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

No. 20-30440

compelling the respondents, Bureau of Prisons officials, to release him to home confinement under the provisions of the CARES Act of 2020 and the Attorney General's accompanying memoranda, arguing that the CARES Act created a contractual and due process right to release for qualifying inmates. The district court denied relief, finding that De La Cruz Jimenez had failed to state a claim for relief. *See* 28 U.S.C. § 1915(e)(2)(B)(ii). In conjunction with his appeal of that ruling, De La Cruz Jimenez moves this court for leave to proceed in forma pauperis (IFP), challenging the district court's determination that his appeal is not taken in good faith. *See Baugh v. Taylor*, 117 F.3d 197, 202 (5th Cir. 1997).

De La Cruz Jimenez fails to present a nonfrivolous argument that the district court abused its discretion by denying an injunction. *See Aransas Project v. Shaw*, 775 F.3d 641, 663 (5th Cir. 2014); *Howard v. King*, 707 F.2d 215, 220 (5th Cir. 1983). He cites no legal authority, nor are we aware of any, holding that the CARES Act created an actionable right to release even for qualifying inmates or a corresponding duty of the respondents to release him. Therefore, De La Cruz Jimenez failed to state a claim on which relief may be granted and, as such, could not arguably meet the standard for granting an injunction. *See Env't Texas Citizen Lobby, Inc. v. ExxonMobil Corp.*, 824 F.3d 507, 533 (5th Cir. 2016); *Harris Cty., Tex. v. CarMax Auto Superstores Inc.*, 177 F.3d 306, 312 (5th Cir. 1999); § 1915(e)(2)(B)(ii).

In light of the above, the district court did not abuse its discretion by denying IFP status. *See Carson v. Polley*, 689 F.2d 562, 586 (5th Cir. 1982). Accordingly, the motion to proceed IFP on appeal is DENIED. Furthermore, because the merits of De La Cruz Jimenez's appeal are so intertwined with the IFP certification decision as to constitute the same issue, the appeal is DISMISSED AS FRIVOLOUS. *See Baugh*, 117 F.3d at 202 & n.24; 5TH CIR. R. 42.2.

No. 20-30440

The dismissal of De La Cruz Jimenez's civil action for failure to state a claim and the dismissal of the instant appeal as frivolous both count as strikes against him under 28 U.S.C. § 1915(g). *See Coleman v. Tollefson*, 135 S. Ct. 1759, 1761-64 (2015); *Adepegba v. Hammons*, 103 F.3d 383, 387 (5th Cir. 1996). De La Cruz Jimenez is accordingly WARNED that if he accumulates three strikes, he will not be able to proceed IFP in any civil action or appeal filed while he is incarcerated or detained in any facility unless he is under imminent danger of serious physical injury. *See* § 1915(g).

IFP MOTION DENIED; APPEAL DISMISSED; SANCTIONS WARNING ISSUED.